FILED
2015 Sep-02  AM 08:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARRIE BOSWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **NATIONSTAR MORTGAGE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff that Plaintiff does not owe.

## JURISDICTION

2.  Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## **VENUE**

4.    Venue is proper as Defendant does business in this judicial district.

## **PARTIES**

5.    Plaintiff  Carrie Boswell (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA. It is incorporated in Delaware and has its principal place of business is in Texas.

7.    Defendant Nationstar claims to collect on defaulted consumer debt, particularly mortgage debt.

8.    Defendant Nationstar sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

---

[1] "Nationstar" means Nationstar directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

2

## RECOGNITION BY CONGRESS OF THE
## WIDESPREAD ABUSE BY COLLECTORS

9.  Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

10. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

11. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

12. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

    (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt**

**collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS AGAINST NATIONSTAR

13.   Plaintiff's husband has a mortgage loan (Plaintiff is not on the loan).

14.   Defendant Nationstar claims to be servicing Plaintiff's husband's loan.

15.   When Defendant Nationstar claimed to begin to service the loan, the loan was allegedly (according to Defendant Nationstar) in default.

16.   Defendant Nationstar identifies itself in communications as a "debt collector" which is required under the FDCPA.

17.   Recently Defendant Nationstar began collection activities against Plaintiff.

18.   This is true even though Plaintiff does not owe Defendant Nationstar any money.

19.   Defendant Nationstar knows Plaintiff does not owe Defendant Nationstar any money.

20.   The collection activities include letters, calls, and credit reporting.

21.   The false credit reporting caused Plaintiff to be turned down for a loan.

22.   It is only by disputing through the credit reporting agencies that (at least for now) the Defendant Nationstar credit reporting is gone as even the credit reporting agencies (not known for accuracy when false information is

disputed) could not bring themselves to keep the false information on Plaintiff's reports.

23.   This is despite Defendant Nationstar asking the reporting agencies to keep the false information on Plaintiff's reports.

24.   The other collection activities continue.

25.   Plaintiff has repeatedly told Defendant Nationstar that this is not her debt and it should not be collected on against Plaintiff.

26.   Defendant Nationstar has no concern for this.

27.   Defendant Nationstar has been repeatedly sued across the nation and across the state (and by the undersigned) for collecting debts against consumers who do not owe the debts.

28.   There are two possible explanations.

29.   One, Defendant Nationstar is simply incompetent but lacking in malice.

30.   Two, Defendant Nationstar is doing this intentionally as part of a well orchestrated plan.

31.   Considering Defendant Nationstar does not "back down" when Alabama consumers tell Defendant Nationstar that it is collecting on debts not owed, then the first explanation is unlikely.

32.    Those who make a "simple mistake" or even mistakes out of incompetency, when they are told of their mistake, they quickly correct the mistakes and apologize.

33.    Defendant Nationstar knows of its illegal collection activities against Plaintiff but has refused to stop.

34.    There is simply no excuse for Defendant Nationstar to collect on this and no excuse for Defendant Nationstar to credit report on this account.

35.    This is a deliberate attempt to maximize profits in the highly competitive arena of mortgage servicing.

36.    Companies like Defendant Nationstar do not own the mortgage loans but simply service them.

37.    The true owners of the loan have squeezed the mortgage servicers on the revenue that is generated.

38.    This forces servicers like Defendant Nationstar to either cut costs (leading to more incompetency as usually it is employees that are cut) or to maximize revenues.

39.    Especially revenues related to late fees, home inspections, etc. that are pure profit (or almost pure profit) to the servicers.

40.    There are some expenses that must be paid by the servicer even if the homeowner does not pay.

41.  In the present case Plaintiff's husband has an ongoing dispute with Defendant Nationstar.

42.  Defendant Nationstar claims Plaintiff's husband has not paid what he owes.

43.  So Defendant Nationstar decided to go after Plaintiff by collecting against her and in particular by trying to destroy her credit reports and credit scores.

44.  Doing so is one of the most popular and effective ways of "wrenching" a payment from a consumer.

45.  One negative account can make the difference between a good or great credit score and an average or even bad credit score.

46.  Most consumers do not realize they have rights to stop this type of strong arm tactics.

47.  Plaintiff does and thus this lawsuit.

**Additional Factual Allegations Against Defendant Nationstar**

48.  Defendant Nationstar has collected against Plaintiff when Plaintiff did not owe any money to Defendant Nationstar on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt from Plaintiff that is not owed by Plaintiff.

49.  Defendant Nationstar has misrepresented the debt as being owed, when it was not owed by Plaintiff.

50.   Defendant Nationstar has misrepresented the debt to Plaintiff, including the legal status of the debt, as none was owed during the time that Defendant Nationstar has been collecting on the debt.

51.   Defendant Nationstar has taken action it knows is illegal including false credit reporting and collection letters and/or collection calls.

52.   Defendant Nationstar knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

53.   The debt being collected is a consumer debt as defined by the FDCPA.

54.   Plaintiff is a "consumer" as defined by the FDCPA.

55.   Defendant Nationstar is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Nationstar.

56.   Defendant Nationstar has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead

represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Nationstar has no right to take under state law and under the FDCPA.

57.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

58.   It is a practice of the Defendant Nationstar to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

59.   At no time has Defendant Nationstar apologized to Plaintiff for its conduct towards Plaintiff.

60.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant Nationstar were taken in the line and scope of such individuals' employment, agency or representation.

61.   At no time has Defendant Nationstar told or implied to Plaintiff that any conduct by any agent or employee of Defendant Nationstar was outside the line and scope of such employment or agency.

62.   All actions taken by the Defendant Nationstar were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or

with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

63. Defendant Nationstar has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant Nationstar is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

64. Defendant Nationstar is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

67.   Defendant Nationstar violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

68.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

69.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

71.   Defendant Nationstar violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

72.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

73.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

75.   Defendant Nationstar violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs1, 5-8, and 13-64.

76.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

77.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

79.   Defendant Nationstar violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

80.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

81.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82.   Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

83.   Defendant Nationstar violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

84.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

85.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

87.   Defendant Nationstar violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

88.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

89.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90.   Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

91.   Defendant Nationstar violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1, 5-8, and 13-64.

92.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

93.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Nationstar violated Alabama state law as described in this

Complaint in paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.

95. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

96. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

97. Defendant Nationstar intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns

or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

98.   Defendant Nationstar intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

99.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

100.  The conduct of Defendant Nationstar, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Nationstar which occurred in a way that would be highly offensive to a reasonable person in that position.

101.  Defendant Nationstar has continued to publicly state through credit reporting that Plaintiff owes or owed the debt to Defendant Nationstar when Defendant Nationstar knows this is untrue.

102.  All of the wrongful acts described in this Complaint (paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.) demonstrate the wrongful scheme, plan, and design of Defendant Nationstar in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

103. The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

104. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Nationstar.

105. All acts of Defendant Nationstar were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Nationstar is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. Defendant Nationstar's collectors are allowed and encouraged to break state law in order to collect debts.

108. This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.

109. Defendant Nationstar is aware of the wrongful conduct of its collectors.

110. Defendant Nationstar negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Nationstar is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

111. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant Nationstar sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

112. The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

113. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

114. Defendant Nationstar's collectors are allowed and encouraged to break state law in order to collect debts.

115. This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.

116. Defendant Nationstar is aware of the wrongful conduct of its collectors.

117. Defendant Nationstar wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Nationstar is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

118. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a well orchestrated design and plan of wantonly allowing

incompetent collectors to run wild and damage Plaintiff while Defendant Nationstar sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

119.   The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

## INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

120.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121.   Defendant Nationstar's collectors are allowed and encouraged to break state law in order to collect debts.

122.   This includes all of the violations of the law described in this Complaint in paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.

123.   Defendant Nationstar is aware of the wrongful conduct of its collectors.

124.   Defendant Nationstar intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Nationstar is thereby responsible

to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

125. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant Nationstar sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

126. The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

### WANTON CONDUCT

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. Defendant Nationstar had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

129. Defendant Nationstar had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

130. Defendant Nationstar acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1, 5-8, and 13-64 and in the paragraphs of this Count.

131. Defendant Nationstar violated all of the duties Defendant Nationstar had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

132. It was foreseeable, and Defendant Nationstar did in fact foresee it, the each and every illegal act of Defendant Nationstar would lead and did lead to the exact type of harm suffered by Plaintiff.

133. The conduct of the Defendant Nationstar has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Nationstar Mortgage, LLC
c/o CSC Lawyers Incorporating SVC Inc
150 S. Perry Street
Montgomery, Alabama 36104